**NOT FOR PUBLICATION IN WEST'S HAWAIʻI REPORTS AND PACIFIC REPORTER**

Electronically Filed
Intermediate Court of Appeals
CAAP-19-0000173
29-MAY-2020
08:22 AM

NO. CAAP-19-0000173

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI

STATE OF HAWAIʻI, Plaintiff-Appellee, v.
WILLIAM K. SMITH, Defendant-Appellant

APPEAL FROM THE DISTRICT COURT OF THE FIRST CIRCUIT
(WAIANAE DIVISION)
(CASE NO. 1DCW-18-0004166)

SUMMARY DISPOSITION ORDER
(By: Ginoza, Chief Judge, Leonard and Hiraoka, Chan, JJ.)

Defendant-Appellant William K. Smith (**Smith**) appeals from the Notice of Entry of Judgment and/or Order, filed on January 28, 2019 (**Judgment**), in the District Court of the First Circuit, Waianae Division (**District Court**).[1]

Smith was convicted of Harassment, in violation of Hawaii Revised Statutes (**HRS**) § 711-1106(1)(a) (2014).[2]

---

[1] The Honorable Alvin K. Nishimura presided.

[2] HRS § 711-1106(1)(a) states:

> **§ 711-1106 Harassment.** (1) A person commits the offense of harassment if, with intent to harass, annoy, or alarm any other person, that person:

(continued...)

Smith raises a single point of error on appeal, contending that there was insufficient evidence to convict him where the credible evidence established that he did not act with the requisite intent to harass, annoy, or alarm the complaining witness (**CW**).

Upon careful review of the record and the briefs submitted by the parties, and having given due consideration to the arguments advanced and the issues raised by the parties, we resolve Smith's point of error as follows:

We conclude that when the evidence adduced at trial is considered in the strongest light for the prosecution, there was substantial evidence to convict Smith of Harassment. See State v. Matavale, 115 Hawaiʻi 149, 157-58, 166 P.3d 322, 330-31 (2007).

CW testified that Smith interrupted her conversation with a neighbor, at CW's house, with profanity-laced comments. After she told Smith to stop, he threw two chairs at her. CW then told Smith to leave, but he instead picked up a white chair. When CW attempted to grab the white chair, Smith would not release it and shoved the white chair into CW's leg causing a scratch and bleeding. Smith thereby subjected CW to offensive physical contact by shoving a chair into her leg causing a scratch and bleeding.

---

[2/] (...continued)

        (a)   Strikes, shoves, kicks, or otherwise touches another person in an offensive manner or subjects the other person to offensive physical contact[.]

Smith points to allegedly conflicting statements made by CW to argue that her testimony supporting Smith's requisite intent was not credible.  However, as the Hawaiʻi appellate courts have often stated:

> Verdicts based on conflicting evidence will not be set aside where there is substantial evidence to support the trier of fact's findings.  We have defined substantial evidence as credible evidence which is of sufficient quality and probative value to enable a person of reasonable caution to support a conclusion.  It is well-settled that an appellate court will not pass upon issues dependent upon the credibility of witnesses and the weight of the evidence; this is the province of the trier of fact.

State v. Mattiello, 90 Hawaiʻi 255, 259, 978 P.2d 693, 697 (1999) (format altered).

We conclude that, based on the testimonial and circumstantial evidence, and reasonable inferences arising from Smith's conduct, there was substantial evidence that Smith acted with intent to harass, annoy, or alarm CW, when he refused to stop his conduct, leave CW's residence, and when Smith picked up a white chair that eventually led to him shoving the white chair into CW.  See State v. Stocker, 90 Hawaiʻi 85, 92, 976 P.2d 399, 406 (1999).

For these reasons, the District Court's January 28, 2019 Judgment is affirmed.

DATED: Honolulu, Hawaiʻi, May 29, 2020.

On the briefs:                          /s/ Lisa M. Ginoza
                                        Chief Judge
Harrison L. Kiehm,
for Defendant-Appellant.                /s/ Katherine G. Leonard
                                        Associate Judge
Donn Fudo,
Deputy Prosecuting Attorney,            /s/ Keith H. Hiraoka
City and County of Honolulu,            Associate Judge
for Plaintiff-Appellee.